IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASES NO. 4:08cr38-RH/GRJ
     4:10cv574-RH/GRJ

KEVIN LAMAR RATLIFF,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Kevin Lamar Ratliff has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 139, and Mr. Ratliff's extensive objections, ECF No. 142. I have reviewed thoroughly and *de novo* the issues raised by the objections.

This order accepts the report and recommendation and denies the § 2255 motion. The order addresses only some of Mr. Ratliff's many contentions; the others are denied without further discussion.

The crux of the matter is this. Officers arranged a controlled buy of a substantial quantity of drugs from Benson Leon Devane, Jr. The buy was to take

place at a fast-food restaurant. Mr. Devane drove to the scene. Mr. Ratliff was a passenger in the car.

Officers arrested Mr. Devane and also Mr. Ratliff. Found in the car and on Mr. Devane were roughly 80 grams of crack cocaine and 160 grams of powder cocaine. Mr. Ratliff was wearing a baseball cap that concealed 6.5 grams of crack in 10 separate baggies—apparently packaged for sale.

After a full and fair trial, the jury convicted Mr. Ratliff on two counts: conspiring to distribute—or possess with intent to distribute—powder or crack cocaine, and possessing powder or crack cocaine with the intent to distribute it. But in a win for the defense, the jury found that Mr. Ratliff's offenses did not involve 50 grams of crack or more; the jury found that the offenses involved crack only in the amount of 5 grams or more. The basis of the verdict was obvious: the jury held Mr. Ratliff responsible for only the 6.5 grams of crack found in his cap, not for the crack found on Mr. Devane or in the car.

The evidence was easily sufficient to sustain the convictions. Mr. Ratliff testified he was not wearing a cap at all; the officers just made it up. But the jury found the contrary, as the jury was entitled to do.

Mr. Ratliff was properly sentenced as a career offender. His prior convictions included aggravated assault with a deadly weapon and possessing

cocaine with the intent to sell it. Although unnecessary to the result, Mr. Ratliff also had two convictions for felony fleeing and eluding.

So Mr. Ratliff's claims that he was innocent or improperly sentenced as a career offender are unfounded. His other claims also are unfounded. Mr. Ratliff chose to testify after being told by the court on the record that the decision whether to testify was his alone. Any motion to suppress under *Miranda v. Arizona*, 384 U.S. 436 (1966), would have failed. The prosecutor did not argue improperly. And none of this made any difference; the evidence of Mr. Ratliff's guilt was strong. Mr. Ratliff's § 2255 motion is unfounded.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the

> petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Ratliff has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Ratliff has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that Mr. Ratliff is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant Kevin Lamar

Ratliff's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on December 4, 2013.

s/Robert L. Hinkle
United States District Judge