IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   4:08cr38/RH/GRJ
                  4:20cv264/RH/GRJ

KEVIN LAMAR RATLIFF

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 196.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After review of the record and controlling caselaw, the undersigned recommends that the petition be summarily dismissed.

## PROCEDURAL HISTORY AND ANALYSIS

Petitioner was sentenced to a total term of 360 months imprisonment after a jury convicted him of conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base and possession with intent to distribute more than fifty (50) grams of cocaine base on a date certain. Judgment was entered on December 19, 2008.   (ECF No. 74.)    His conviction and sentence were affirmed on appeal, and the court denied his motion for § 2255 relief in 2013.   (*See* ECF Nos. 98, 111, 139, 145.)   The district court and the appellate court denied a certificate of appealability.

In 2017, Petitioner filed a Motion to Correct Clerical Errors in the Presence Report, which the district court promptly denied, recognizing it as an attempt to support an attack on his sentence, "in effect, to support an unauthorize second or successive § 2255 motion."   (ECF No. 162 at 2.) Petitioner unsuccessfully moved for reconsideration and appealed the district court's denial of his motion.   (ECF Nos. 169, 172.)

On May 16, 2019, the court entered an order reducing Petitioner's sentence from 360 to 262 months based on the First Step Act.   (ECF No. 188.)   In doing so, it recognized that it was permitted to consider the

defendant's post-sentencing conduct. (*Id.* at 11.) The sentencing determination was based on "the existing record, including the presentence report, and all relevant factors." (*Id.*) The court also denied Petitioner's motion for appointment of counsel, but specifically advised he could renew the motion if he believed he had "colorable grounds for a greater sentence reduction" than provided in the order. (*Id.* at 12.) Petitioner did not renew his motion for appointment of counsel after receiving the court's order granting him sentencing relief.[1]

On November 13, 2019, the Eleventh Circuit dismissed Petitioner's application for leave to file a second or successive § 2255 motion. (ECF No. 191.) The appellate court found it did not have jurisdiction over the request, Petitioner's third, because the claims raised therein (a challenge to Petitioner's career offender status) were previously raised in Petitioner's two prior unsuccessful applications to file a successive § 2255 petition.

Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2), a supplement thereto, and a motion for appointment of counsel before filing

---

[1] The court denied a letter motion requesting appointment of counsel that had apparently crossed in the mail with its order granting the sentence reduction, again informing Petitioner he could renew his motion for appointment of counsel if he still wished to have counsel appointed. (ECF Nos. 189, 190.)

Case Nos.: 4:08cr38/RH/GRJ; 4:20cv264/RH/GRJ

the instant § 2255 motion.   (ECF Nos. 192, 193, 195.)   The Government filed a response and these motions remain pending.

At first blush, the pending § 2255 petition, dated May 1, 2020, seems to be both successive and untimely.   However, review of the two grounds for relief reveals that Petitioner seeks to challenge not his original judgment, but the court's May 16, 2019, reduction in sentence.   Petitioner claims, first, that he never received sentencing credit based on his rehabilitation, and second, that he was never given the opportunity to allocute before resentencing to tell the court about progress he had made.

Petitioner's § 2255 motion was filed within one year of the court's order amending his sentence.   Significantly, that order "amended" the original judgment.   (ECF No. 188 at 12.)   The court did not enter a new judgment.   Technically then, the judgment Petitioner challenges is still the original judgment, and the subsequent order did not re-start the clock for Petitioner to file a § 2255 motion.   *See, e.g., Hepburn v. Moore*, 215 F. 3d 1208, 1209 (11th Cir. 2000) (noting in a case where new claims originate at resentencing, and a new judgment is entered, the new claims may be brought in a subsequent habeas petition without the need to obtain

permission from the circuit court before filing the petition); *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015) (a sentence reduced pursuant to § 3582 does not qualify as a "new judgment" because it is a reduced sentence, not a new one); *cf. United States v. Hegwood,* 934 F.3d 417, 419 (5th Cir. 2019) (the "new sentence conceptually substitutes for the original sentence, as opposed to modifying that sentence"). Obviously, though, Petitioner could not have raised the instant claims in his timely, initial § 2255 motion.

Therefore, without deciding whether the instant § 2255 motion is the proper vehicle to challenge the court's resentencing decision, and further assuming it is not foreclosed by a procedural bar, Petitioner's motion is due to be denied because he cannot show he is entitled to relief.

The First Step Act of 2018 permits a court that sentenced a defendant for an offense for which "'the statutory penalties ... were modified' by the Fair Sentencing Act to 'impose a reduced sentence as if' the Fair Sentencing Act were 'in effect at the time the covered offense was committed.'" *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (quoting First Step Act of 2018, § 404(a), (b), Pub. L. No. 115-391, 132

Stat. 5194, 5222.)    Whether to resentence a defendant is left to the district court's sound discretion.    *Beamus*, 943 F. 3d at 792 (citing First Step Act of 2018, § 404(b); *Hegwood*, 934 F.3d at 418). Because First Step Act sentence modifications fall under 18 U.S.C. § 3582(c), if the court chooses to reduce a defendant's sentence, the defendant's presence is not required.    See Fed. R. Crim. P. 43 (b)(4) (providing that a defendant need not be present for the reduction of sentence under 18 U.S.C. § 3582 (c)).    In fact, the Act does not require a plenary resentencing or even a hearing.    *Hegwood*, 934 F. 3d at 417-19; *United States v. Foreman*, Case 19-1827, 2020 WL 2204261, *3 (6th Cir. May 7, 2020); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019).    Therefore, a defendant has no right of allocution where, as here, there is no resentencing hearing, and therefore Petitioner cannot claim a constitutional violation for not having been afforded the right to allocute.

Additionally, Petitioner has not shown a constitutional violation for any failure of the court to consider his post-sentencing rehabilitative efforts. In its order, the district court expressly stated that Petitioner was free to renew his motion for appointment of counsel if he believed there were

"colorable grounds for a further reduction." (ECF No. 188 at 12.) Petitioner chose not to pursue the issue until filing the instant motion.

Based on the foregoing, Petitioner has not shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose his sentence, that his sentence exceeded the maximum authorized by law, or that it is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Therefore, Petitioner is not entitled to relief pursuant to § 2255, and his motion should be summarily denied and dismissed without a hearing.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 4:08cr38/RH/GRJ; 4:20cv264/RH/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 196) should be **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of May, 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 4:08cr38/RH/GRJ; 4:20cv264/RH/GRJ

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.