IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO.  4:08cr38-RH-GRJ
 4:20cv264-RH-GRJ

KEVIN LAMAR RATLIFF,

     Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION AND
DENYING A CERTIFICATE OF APPEALABILITY**

     The defendant Kevin Lamar Ratliff has moved for relief from the order of May 16, 2019. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 199.

     The May 16, 2019 order reduced Mr. Ratliff's sentence under the First Step Act from 360 months to 262 months in custody. Mr. Ratliff says that in making a reduction, I erred by failing to consider his post-sentencing conduct and by failing to allow him to allocate. Mr. Ratliff asserts, in effect, that the sentence should have been reduced further.

Case No. 4:08cr38-RH-GRJ and 4:20cv264-RH-GRJ

A district court is not required to conduct a hearing on a First Step Act sentence reduction. *See United States v. Denson*, __ F.3d __, 2020 WL 3445820 (11th Cir. June 24, 2020). With no right to a hearing at all, a defendant is not entitled to allocate. I properly considered all the 18 U.S.C. § 3553(a) sentencing factors in determining the amount of Mr. Ratliff's sentence reduction. Mr. Ratliff has proffered nothing that would change the decision. The sentence as reduced is the proper sentence.

Mr. Ratliff styles his motion as one for relief under 28 U.S.C. § 2255. Whether that would be the proper vehicle for relief of this kind—or even *a* proper vehicle—is far from clear. But it also does not matter. Even if the motion was properly here, and even on de novo consideration of a First Step Act sentence reduction, I would again make the same sentence reduction. Mr. Ratliff is entitled to nothing more.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Ratliff has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter a judgment stating, "The defendant's motion for

relief under 28 U.S.C. § 2255, as docketed on May 18, 2020, is denied."

    3. A certificate of appealability is denied.

    SO ORDERED on July 13, 2020.

                                         s/Robert L. Hinkle
                                         United States District Judge