IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 4:08cr38/RH/MAF
 4:22cv228/RH/MAF

KEVIN LAMAR RATLIFF

## REPORT AND RECOMMENDATION

This matter is before the court on the Government's Amended Motion to Dismiss Defendant's Unauthorized Fifth Motion Under 28 U.S.C. § 2255 (Doc. 277) for Lack of Jurisdiction (ECF No. 286) and Defendant's response thereto. ECF No. 289. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After review of the record and relevant law, the undersigned recommends the Government's Motion to Dismiss be granted and Ratliff's § 2255 motion (ECF No. 277) be dismissed without prejudice

I.   PROCEDURAL HISTORY

Defendant Kevin Lamar Ratliff was sentenced to a total term of 360 months imprisonment after a jury convicted him of conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base and possession with intent to distribute more than fifty (50) grams of cocaine base on a date certain. Judgment was entered on December 19, 2008. ECF No. 74. The Eleventh Circuit affirmed his conviction and sentence on appeal (ECF No. 98), and in 2013 this court denied his motion for § 2255 relief after a merits review. *See* ECF Nos. 111, 139, 145.

In 2017, Ratliff filed a Motion to Correct Clerical Errors in the Presentence Report, which the district court promptly denied, recognizing it as an attempt to support an attack on Ratliff's sentence, "in effect, to support an unauthorized second or successive § 2255 motion." ECF No. 162 at 2. Ratliff unsuccessfully moved for reconsideration and appealed the district court's denial of his motion. ECF Nos. 169, 172.

On May 16, 2019, the district court sua sponte entered an order significantly reducing Ratliff's sentence from 360 to 262 months based on the First Step Act. ECF No. 188. In doing so, the court recognized that it was permitted to consider Ratliff's post-sentencing conduct. *Id.* at 11. The

sentencing determination was based on "the existing record, including the presence report, and all relevant factors." *Id.* The court did not enter an amended judgment.

On November 13, 2019, the Eleventh Circuit dismissed Ratliff's application for leave to file a second or successive § 2255 motion. ECF No. 191. The appellate court found it did not have jurisdiction over the request, Ratliff's third such request, because the claims raised therein (a challenge to Ratliff's career offender status) were previously raised in Ratliff's two prior unsuccessful applications to file a successive § 2255 petition. *Id.* at 6.

In May of 2020, Ratliff filed a § 2255 motion directly with this court. ECF No. 196. In his motion, Ratliff sought to challenge only the district court's May 16, 2019 reduction in sentence. Ratliff claimed (1) he did not receive sentencing credit based on his rehabilitation, and (2) he was never given the opportunity to address the court and speak about progress he had made. Magistrate Judge Jones recommended that the motion be denied because Ratliff had not shown he was entitled to relief. ECF No. 199. The recommendation noted that no new judgment had entered after the order amending Ratliff's sentence and thus it appeared the judgment Ratliff challenged was the original judgment. *Id.* at 4-5. Judge Jones also

questioned whether § 2255 was the proper vehicle to challenge the district court's resentencing decision. *Id.* at 5. The district court adopted the recommendation, also noting it was "far from clear" that 28 U.S.C. § 2255 was the proper vehicle for the relief requested. ECF No. 210 at 2. The court also denied a certificate of appealability. *Id.* at 4.

Ratliff claims to have filed the instant motion on June 1, 2022, pursuant to the prison mailbox rule.[1] ECF No. 277 at 12, ECF No. 278 at 10. He raises two grounds for relief, asserting in each that he is not a career offender because his prior Florida drug conviction is not a proper predicate for the career offender enhancement. He asserts that his motion is a "second-in-

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir.2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). There are two problems with Ratliff's representations. First, although Ratliff signed the motion and memorandum in no fewer than four places on June 1, 2022, ECF No. 277 at 12, ECF No. 278 at 10 & 11, the envelope indicates it was not mailed until over two weeks later, on June 17, 2022. ECF No. 277 at 12, 13. Another indication that the motion was not mailed on the date it was signed is that one of the cases heavily cited in Ratliff's memorandum (prepared in his behalf by other inmates) was not decided until June 10, 2022, nine days after he claims to have signed the memorandum. See *United States v. Jackson*, 36 F. 4th 1294 (11th Cir. Jun. 10, 2022).

Case Nos.: 4:08cr38/RH/MAF; 4:22cv228/RH/MAF

time motion" based on him "being actually, factually, lawfully and legally innocent of being a career offender" *id.* at 10, and that his motion is timely filed under § 2255(f)(4) because it is based on "newly discovered evidence." ECF No. 278 at 5.

The Government has moved to dismiss the motion because Defendant did not obtain leave from the Eleventh Circuit Court of Appeal before filing the motion.

II.  ANALYSIS

Before a federal prisoner may file a second or successive § 2255 motion, he must ordinarily first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021).  Appellate courts may authorize the filing of a second or successive § 2255 motion, only if the court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  *Armstrong*, 986 F.3d at 1348 (if a movant fails to obtain authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction).

A numerically second § 2255 motion, however, is not always "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011).  The phrase "second or successive," as used in the AEDPA, is a term of art.  *Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000).  For a second motion to be considered "successive," the first denial or dismissal must have been on the merits and with prejudice, rather than on a procedural ground.  *See id.* at 485-86 (a habeas petition filed after an initial petition was dismissed for failure to exhaust and not adjudicated on the merits is not second or successive); *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (a dismissal for untimeliness is with prejudice) (*citing Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)).

Additionally, a motion is not second or successive if it challenges a "new judgment" issued after the prisoner filed his first motion. *See Telcy v. United States*, 20 F. 4th 735, 740 (11th Cir. 2021) (citing *Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010)). Not every new sentencing order constitutes a new judgment. *Telcy*, 20 F. 4th at 742 (sentence reduction under section 404 of the First Step Act is not a new judgment); *Armstrong*, 986 F. 3d at 1349-50 (sentence reduction under 18 U.S.C. § 3582(c)(2) was not a "new judgment"); *Insignares v. Sec'y Fla. Dep't of Corr.*, 755 F. 3d 1273, 1278 (11th Cir. 2014) (a sentence modification under Florida Rule of Criminal Procedure 3.800 was a new judgment); *but see Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F. 3d 1321, 1324 (11th Cir. 2017) (en banc) (sentence modification under Rule 3.800 was not a new judgment). In this case, as noted above, the district court's May 16, 2019 reduction in Ratliff's sentence did not result in a new judgment. Additionally, more than one year has elapsed since Ratliff's sentence was modified.

Another way for a defendant to avoid AEDPA's gatekeeping requirements for second or successive motions is if the basis for the second-in-time § 2255 motion did not exist at the time of the first § 2255 motion. *Stewart*, 646 F. 3d at 863-65. Examples of situations giving rise to

permissible "second-in-time" motions are the vacatur of predicate state court conviction, *id.*; *Boyd v. United States*, 754 F. 3d 1298, 1301-02 (11th Cir. 2014) (same); or a breach of a plea agreement that did not occur until after resolution of a defendant's first § 2255 motion. *United States v. Jackson,* 21 F. 4th 1205, 1212 (9th Cir. 2022) (holding that a § 2255 motion based on the Government's alleged breach of defendant's plea agreement that did not take place until after the resolution of defendant's first § 2255 motion was "second-in-time"); *cf. Scott v. United States*, 890 F. 3d 1239, 1258 (11th Cir. 2018) (following "fatally flawed" Eleventh Circuit precedent to hold all petitions raising "second-in-time" *Brady-Giglio* claims are actually second or successive because they ripen during trial or sentencing).

In this case Ratliff contends that the claims he seeks to raise herein are not second or successive because the basis for the claims, the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (June 10, 2021) and the Eleventh Circuit's decision in *Jackson v. United States*, 36 F. 4th 1294 (11th Cir. June 10, 2022) did not exist at the time he filed his initial habeas petition. He characterizes the two cases as "facts" supporting his claim that he discovered through the exercise of due diligence under 28 U.S.C. § 2255(f)(4). Ratliff's argument creatively, but ultimately

unsuccessfully, attempts to circumvent the limitations on successive motions by characterizing these legal decisions as a "basis" for his claim.

A new legal opinion is not a new "fact" for the purposes of timeliness under §2255(f)(4). *Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014). A legal opinion is not "'subject to proof or disproof' like the vacatur of a prior conviction." *Id.* (citing *Johnson v. United States,* 544 U.S. at 295, 306–07 (2005)); *Toyer v. United States*, 2019 WL 3288268, at *3 (N.D. Ala. Jul. 22, 2019) (rejecting argument that a motion was "second-in-time" when defendant claimed factual innocence of sentence enhancement due to a change in the law). Ratliff's characterization of his § 2255 motion based on *Borden* and *Jackson* as a "second-in-time" motion does not make it so. His motion is an unauthorized second or successive motion that must be certified by the Eleventh Circuit before this Court has jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right, as this dismissal is without prejudice. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Amended Motion to Dismiss Defendant's Unauthorized Fifth Motion (ECF No. 286) be **GRANTED.**

Case Nos.: 4:08cr38/RH/MAF; 4:22cv228/RH/MAF

2. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 277) be **DISMISSED** without prejudice.

3. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 29th day of September, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:08cr38/RH/MAF; 4:22cv228/RH/MAF