IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:08cr38-RH

KEVIN LAMAR RATLIFF,

     Defendant.

_____/

ORDER DENYING THE MOTION FOR
A FURTHER SENTENCE REDUCTION

The defendant Kevin Lamar Ratliff, whose sentence was reduced in 2019 based on the First Step Act's drug-quantity changes, has moved for a further reduction. This order denies the motion.

A jury convicted Mr. Ratliff of two offenses: conspiracy to distribute or possess with intent to distribute crack cocaine; and possessing with intent to distribute crack cocaine. The jury found that each offense involved five grams of crack or more. Mr. Ratliff had prior convictions that made him as a career offender under *United States Sentencing Guidelines Manual* § 4B1.1. The guideline range was 360 months to life. He was sentenced at the low end of the range, 360 months.

Had the First Step Act's drug-quantity changes been in effect at the time of sentencing, Mr. Ratliff's career-offender guideline range would have been 262 to 327 months. In 2019, Mr. Ratliff's sentence was reduced to 262 months.

Mr. Ratliff now has moved for a further reduction based on *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Concepcion* addresses the factors a district court may consider in deciding whether and how much to reduce the sentence of a defendant eligible for a First Step Act reduction. Factors that can be considered include post-sentencing changes in the guideline range and post-sentencing conduct.

Mr. Ratliff's motion runs headlong into a First Step Act provision allowing only a single reduction based on the Act's drug-quantity changes: "No court shall entertain a motion made under" the provision allowing a sentence reduction based on the drug-quantity changes "if the sentence was previously imposed or previously reduced in accordance with" those changes or if a previous motion for such a reduction was denied on the merits. First Step Act of 2018, Pub. L. No. 115-391, § 404(c).

At least as of now, Mr. Ratliff's motion would also fail on the merits. In 2019, when his sentence was reduced, the factors that could properly be considered, even under the analysis later adopted in *Concepcion*, were properly considered. The order reducing the sentence explicitly cited the change in the

career-offender guideline range as a reason for the reduction, and the order explicitly noted that post-sentencing conduct could be considered. Had *Concepcion* been decided prior to the 2019 sentence reduction, the result would have been the same.

Since that time, there have been further developments, but none that change the outcome—and least not yet. To qualify as a career offender, a defendant must have at least two prior convictions of a crime of violence or controlled substance offense as those terms are defined for this purpose. The prior convictions that made Mr. Ratliff a career offender at the time of sentencing were aggravated assault, possessing cocaine with intent to sell or deliver, and felony fleeing and eluding, all under Florida law.

By the time of the 2019 sentence reduction, fleeing and eluding under the relevant statute—Florida Statutes § 316.1935(3)—was no longer a crime of violence, as I had already held. *See United States v. Anthony*, No. 4:13cr103, 2017 WL 2656022 (N.D. Fla. June 17, 2017) (explaining that the law of the circuit treating Florida fleeing and eluding as a violent felony did not survive *Johnson v. United States*, 576 U.S. 591 (2015)). But Mr. Ratliff still had two career-offender predicates and so was still a career offender.

That remains true, but perhaps not for long. The cocaine conviction remains a predicate, and that is not likely to change. But offenses that can be committed

recklessly are not crimes of violence. *See Borden v. United States*, 141 S. Ct. 1817 (2021); *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). Even so, under the current law of the circuit, Florida aggravated assault *is* a crime of violence. *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 (11th Cir. 2013).

The law of the circuit on this issue may not be correct. *See United States v. Golden*, 854 F.3d 1256, 1257-58 (11th Cir. 2017) (Jill Pryor, J., concurring); *see also United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018) (stating that even if *Turner* incorrectly applied *Palomino Garcia* it must be followed under the prior panel rule). The Eleventh Circuit has certified the question to the Florida Supreme Court. *See Somers v. United States*, 15 F.4th 1049 (11th Cir. 2021).

The bottom line: as of now, Mr. Ratliff remains a career offender under the law of the circuit. If that changes—as it well might—I may reconsider the 2019 sentence reduction on my own motion. I will afford each side an opportunity to be heard before making any change.

For these reasons,

IT IS ORDERED:

The motion for a sentence reduction, ECF No. 282, is denied.

SO ORDERED on December 6, 2022.

                                              s/Robert L. Hinkle
                                              United States District Judge